UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
CHAYA R. DENCIGER, on behalf of herself                  :
and others similarly situated,                           :
                                                         :     **MEMORANDUM**
                              Plaintiff,                 :     **DECISION AND ORDER**
                                                         :
              -against-                                  :     20-cv-1048 (BMC)
                                                         :
NETWORK RECOVERY SERVICES, INC.,                         :
and JOHN DOES 1-25,                                      :
                                                         :
                              Defendant.                 :
-------------------------------------------------------- X

**COGAN**, District Judge.

In November 2019, plaintiff Chaya Denciger received a collection letter from defendant Network Recovery Services, Inc.  On the front side, it explained that plaintiff could dispute her debt either orally or in writing.  On the reverse side, it provided a validation notice that explained the different consequences of written and oral dispute-making.  Based on that language, plaintiff commenced this putative class action, alleging that the letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Plaintiff claims the letter contains an "inherent contradiction" that both misstates her right to dispute the debt, in violation of § 1692g(a), and provides a "false, deceptive, or misleading representation," in violation of § 1692e.  However, when read as a whole, the letter neither misstates the rights that attach to each form of dispute-making nor encourages the consumer to make disputes in one form or another.  The letter therefore would not confuse or mislead even the least sophisticated consumer.  Defendant's motion to dismiss is granted.

## SUMMARY OF THE COMPLAINT

Plaintiff alleges that, after she incurred a $40 debt to a Brooklyn hospital, she received a letter explaining that her account had been referred to defendant for collection. The letter stated, in pertinent part:

> Although we have requested that you make payment, or provide proof of payment if payment has been made, you still have a right to obtain more information about this debt or dispute this debt, either orally by calling your Account Representative at 516-240-6612, or by writing to Network Recovery Services, Inc at the address listed on the top of this letter. YOUR RIGHTS ARE DESCRIBED ON THE REVERSE SIDE OF THIS NOTICE.

The reverse side provided:

> If you do not dispute the validity of the debt, or any portion thereof, either orally or in writing, within thirty days after you receive this notice we will assume this to be a valid debt owed by you.

> If you notify us in writing within thirty days after you receive this notice that the debt, or any portion thereof, is disputed, we will obtain verification of this debt or a copy of a judgment and mail a copy of such verification or judgment to you.

> In the event the name and address of the current creditor is different from the original creditor, and you, within thirty days after you receive this notice, request in writing the name and address of the original creditor, we will supply this information to you.

Plaintiff alleges that, as a result of this letter, she suffered "informational injury as she was not fully apprised of her rights and responsibilities." She also claims to "ha[ve] been damaged" in other, unspecified ways.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "However, the usual standards for deciding a Rule 12(b)(6) motion . . . shed little

2

light in FDCPA cases, including this one, based on the undisputed language of a collection letter." Ocampo v. Client Servs., Inc., No. 18-CV-4326, 2019 WL 2881422, at *1 (E.D.N.Y. July 3, 2019) (cleaned up).  "Because the statute applies an objective standard, the background facts in an FDCPA case are usually immaterial; either the challenged language is misleading or not misleading as a matter of law, or, in the less usual case, a reasonable jury could come out either way on whether particular language is misleading."  Id. (quotation omitted).

The FDCPA regulates how a debt collector may collect consumer debt, with the aim of "eliminat[ing] abusive debt collection practices."  15 U.S.C. § 1692(e).  Accordingly, § 1692e bars a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The statute provides a non-exhaustive list of violations, including a catch-all provision for any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10).

Relatedly, § 1692g requires debt collectors to send consumers written notice of their right to dispute a debt.  That written notice must provide:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

3

>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a)(1)–(5). This communication is known as the "validation notice," while the thirty-day period to dispute the debt is known as the "validation period." See, e.g., Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 131–32 (2d Cir. 2010).

To determine whether a debt collector has run afoul of § 1692g or § 1692e, the Second Circuit uses an objective standard based on the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). This hypothetical consumer "does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer." Ellis, 591 F.3d at 135 (quotation omitted). But the consumer "is neither irrational nor a dolt," and a court must be "careful not to conflate lack of sophistication with unreasonableness." Id. (quotation omitted). "[E]ven the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon, 988 F.2d at 1319.

Under this standard, "a debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008); see also Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir.1998). Language overshadows or contradicts the validation notice "if it would make the least sophisticated consumer uncertain as to her rights." Jacobson, 516 F.3d at 90 (quotation omitted). And that uncertainty arises if the language is "confusing," "contradictory," or "reasonably susceptible to an inaccurate reading." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001) (quotation omitted). Similarly, if that language is "open to more than one reasonable

4

interpretation, at least one of which is inaccurate," the letter would also mislead the least sophisticated consumer under § 1692e(10).  Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012) (quotation omitted).  Courts in this circuit have therefore concluded that "the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g."  Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015) (quotation omitted) (collecting cases).

To show that the letter has fallen short of this standard, plaintiff points to a single sentence on the front side that states, "[Y]ou still have a right to obtain more information about this debt or dispute this debt, either orally . . . or by writing."  To plaintiff, this sentence lacks the requisite "specificity."  She argues that it "unequivocally states that disputes may be made orally or in writing," in contrast to the reverse side, which states that only *some* disputes can be made orally while others must be in writing.  "Either the first page is correct and all disputes can be made using any method," she maintains, "or the reverse side is correct and disputes made under [§ 1692g(a)(3)] may be made orally, but disputes under [§ 1692g(a)(4) and § 1692g(a)(5)] can only be made in writing."  Thus, she concludes, the letter contains an "inherent contradiction" that would confuse and mislead the least sophisticated consumer.

This argument starts from a faulty premise.  A court cannot assess a violation solely by reference to a single sentence; it must "analyze the collection letter's provisions as a whole."  Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc., 59 F. App'x 406, 409 (2d Cir. 2003); see also Jacobson, 516 F.3d at 93; Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 309–11 (2d Cir. 2003).  Therefore, the analysis does not end at the sentence describing plaintiff's right to dispute the debt orally or in writing.  We must also consider the next sentence, which

explains, "YOUR RIGHTS ARE DESCRIBED ON THE REVERSE SIDE OF THIS NOTICE." And plaintiff concedes that the reverse side provided an adequate validation notice.

In this regard, plaintiff's approach runs headlong into McStay v. I.C. System, Inc., 308 F.3d 188 (2d Cir. 2002).  The plaintiff in that case had also conceded that a validation notice on the back of a collection letter complied with the FDCPA, but she argued that a single sentence on the front created an ambiguity as to when the validation period would end.  The Second Circuit agreed that "the message on the front of the letter [was] ambiguous," but it went on to conclude that "any confusion created by the ambiguity . . . dissipates when read in conjunction with the language on the back."  Id. at 191.  Moreover, the front side provided "another statement, printed in bold and all capital letters, referring the reader to the reverse side for important information."  Id.  The court thus held that "when a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back."  Id.  That holding is fatal to plaintiff's claims.

The claims also rest upon a mistaken interpretation of Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2d Cir. 2013).  There, the Second Circuit held that § 1692g(a) does not require a consumer to dispute a debt in writing.  Id. at 286.  If the consumer disputes the debt orally, the court explained, subsection (a)(3) bars the debt collector from assuming that the debt is valid.  But if the consumer disputes the debt in writing, subsections (a)(4) and (a)(5) respectively require the debt collector to send a verification of the debt and, if requested, the name of the original creditor.  Therefore, under Hooks, disputes do not arise "under" the different subsections, as plaintiff seems to believe.  The subsections instead describe which rights attach to each form of dispute-making.

The letter clearly and accurately described this "sensible bifurcated scheme." Id. The letter thus resembles the letters that courts approved in Nunez v. Mercantile Adjustment Bureau, LLC, No. 19-CV-2962, 2020 WL 2475619 (E.D.N.Y. May 13, 2020), and Goodman v. Mercantile Adjustment Bureau, LLC, No. 18-CV-4488, 2019 WL 692934 (E.D.N.Y. Feb. 19, 2019). In both cases, the letter provided an adequate validation notice but also directed the consumer to "send payment or correspondence" to the debt collector's P.O. box. Nunez, 2020 WL 2475619, at *6; Goodman, 2019 WL 692934, at *6. Both cases rejected the plaintiff's "implausible" argument that this structure ran afoul of Hooks. As Nunez explained, "there is nothing in the letters that encourages the consumer to make disputes using one form [of telephone or mail] over the other, or that misconstrues the rights that attach to each form of dispute-making." 2020 WL 2475619, at *6 (colatus). This case is no different.

In fact, the language in this case is even clearer than the language that other courts have approved. In some cases, the letter did not explicitly state that a consumer may dispute the debt orally or in writing, but the court nonetheless rejected claims of confusion or deception because the letter, when read as a whole, conveyed that the consumer had the right to dispute the debt either way. See, e.g., Rosen v. LJ Ross Associates, Inc., No 19-CV-5516, 2020 WL 1332145, at *2 (E.D.N.Y. 2020); Kagan v. Selene Fin., L.P., 210 F. Supp. 3d 535, 545 (S.D.N.Y. 2016). Moreover, most cases involving violations of § 1692g(a) and § 1692e(10) do not concern defects with prefatory language directing the consumer to the validation notice; rather, they address the validation notice itself. And in many of those cases, the validation notice suggested, contrary to Hooks, that writing was the only way to dispute a debt. See, e.g., Abramov v. I.C. Sys., Inc., 54 F. Supp. 3d 270, 277 (E.D.N.Y. 2014); Lotito v. Recovery Assocs. Inc., No. 13-CV-5833, 2014 WL 4659464, at *8 (E.D.N.Y. Sept. 17, 2014). Here, however, the letter explicitly states that the

consumer may dispute the debt orally or in writing, and the reverse side contains an adequate validation notice.

At bottom, then, the sentence on the first side would cause the letter to violate the FDCPA only if the consumer did not continue to the reverse side.  This alleged defect falls short of meeting the least-sophisticated-consumer standard.  I therefore conclude that plaintiff has failed to state a claim.

## **CONCLUSION**

Defendant's motion to dismiss is granted.  The Clerk is directed to enter judgment in favor of defendant, dismissing the complaint.


**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      October 7, 2020